F I L E D
CLERK OF COURT
2025 APR -7 PM 5: 00
SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0270-24** |
| | GPD REPORT NOS. 21-21726/21-21771 |
| vs. | |
| **MICHAEL GREGORY ROSAL, JR.,** | DECISION AND ORDER |
| DOB: 11/26/1990 | RE. DISMISSAL WITH OR WITHOUT |
| | PREJUDICE |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon the People of Guam's ("the People") Motion to Dismiss Without Prejudice in the Interest of Justice and Defendant Michael Gregory Rosal, Jr.'s ("Defendant" or "Defendant Rosal") Motion to Dismiss with Prejudice. Representing the Defendant is Assistant Alternate Public Defender Peter J. Santos. Representing the People of Guam ("the People") is Assistant Attorney General Christine S. Tenorio. The Court took the Motion under advisement pursuant to CR 1.1(g)(4)(B) and CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM on January 7, 2025.

After having received and reviewed the papers and the file herein, the Court issues the following Decision and Order GRANTING the People's original request to dismiss this case WITHOUT prejudice and DENYING Defendant's Motion to Dismiss WITH prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

**A. Procedural History.**

As a matter of course, the Court first lays out a summary of this matter's procedural history for consideration. This matter began on April 25, 2024, upon the grand jury returning an Indictment against the Defendant, wherein the Defendant was charged with the following offenses: (1) the First Charge of Aggravated Assault (As a Second Degree Felony) with a Special Allegation: Deadly Weapon in Commission of a Felony and a Notice: Commission of a Felony While on Felony Release, (2) the Second Charge of Assault on a Police Officer (As a Third Degree Felony) with a Special Allegation: Deadly Weapon in Commission of a Felony and Notice: Commission of a Felony While on a Felony Release, (3) the Third Charge of Eluding a Police Officer (As a Misdemeanor), and (4) the Fourth Charge of Resisting Arrest (As a Misdemeanor).

This matter was first assigned to the Honorable Alberto E. Tolentino (hereinafter "Judge Tolentino") on May 24, 2024. *See Notice of Judge Assign.* (May 24, 2024). On June 4, 2024, the arraignment was continued to June 6, 2024, because the Defendant was not served the Indictment. *See Min. Entry* (Jun. 4, 2024). On June 6, 2024, Defendant Rosal was not present at his arraignment due to illness, and therefore the arraignment was continued to June 11, 2024. *See Min. Entry* (Jun. 6, 2024). On June 11, 2024, Defendant Rosal still claimed that he was not served the Indictment; therefore, the matter was continued once again to June 20, 2024. *See Min. Entry* (Jun. 11, 2024).

At the continued arraignment on June 20, 2024, Defendant Rosal asserted his right to speedy trial, and the Court was required to take the matter to trial within 45-days of the assertion,

or by August 4, 2024. *See Min. Entry* (Jun. 20, 2024).[1] Jury Selection and Trial was scheduled for July 29, 2024, 1:00 PM. *See Criminal Trial Scheduling Order* (June. 21, 2024). On July 23, 2024, the People filed a Statement of Objection, moving for Judge Tolentino's disqualification in this matter.[2] *See Stmnt. of Obj.* (Jul. 23, 2024).

Thereafter, on July 31, 2024, this Court was assigned this matter. *See Ntc. of Judge Assign.* (Jul. 31, 2024). Jury Selection and Trial was then scheduled for August 5, 2024, at 9:30 AM, and a Pre-Trial Conference was scheduled for August 2, 2024, 9:00 AM. *See Amend. Crim. Trial Sched. Order* (Aug. 1, 2024). Prior to the Pre-Trial Conference, on August 2, 2024, the People filed a Memorandum Supporting the People's Motion to Dismiss Without Prejudice in the Interest of Justice, wherein the People moved for dismissal without prejudice because the sole witness, Shaylene Valentine, who the People alone allege is able to identify the Defendant as the person who committed the crime, is serving a lengthy sentence off-island for a federal crime and the People were unable to secure her appearance in time for the trial. *See Ppl.'s Mot. to Dism.* (Aug. 2, 2024).

On August 2, 2024, the Court held a Pre-Trial Conference to address the procedural posture of this matter and the People's Motion to Dismiss. The Court expressed concern over the asserted posture of this matter, noting that the matter had to be brought to trial by August 5, 2024. *See Min. Entry* (Aug. 2, 2024). On the Motion to Dismiss, the People indicated that dismissal was appropriate given that a material witness (the sole identifying witness) was unavailable, and the

---

[1] Pursuant to 8 GCA § 80.60(a)(2): "(a) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if: (2) The trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment." August 4, 2024, was on a Sunday, therefore, the Court had to bring the matter to trial by August 5, 2024.
[2] Judge Tolentino would issue his Answer to the People's Statement of Objection on July 29, 2024. *See Ans. to Stmnt. of Obj.* (Jul. 29, 2024). Following the People's Motion to Dismiss Without Prejudice, on September 6, 2024, the People withdrew their Statement of Objection. *See Ppl.'s Ntc. of With. of Obj.* (Sept. 6, 2024).

People's case relied on her testimony. *Id.* Defense counsel responded to the Motion that the People were unprepared to bring the matter to trial and that the People's previous Statement of Objection to Judge Tolentino's assignment to the case was a stall tactic. *Id.* Defendant requested that his case be dismissed with prejudice because of the People's abuse of process amounting to prejudice toward the Defendant. *Id.* Thereafter, the Court dismissed the matter on the People's motion, but reserved judgment on the issue of dismissal *with or without* prejudice, pending the submission of briefings by the parties. *Id.*

The Court issued a Scheduling Order compelling the parties to submit briefs in support of their respective positions. Defendant Rosal filed his Motion to Dismiss With Prejudice on September 20, 2024. The People filed their Submission Re. Dismissal With or Without Prejudice on December 11, 2024. On January 7, 2025, the Court determined that oral argument was not necessary and took the matter under advisement. *See* CR1.1 Form 3 (Jan. 7, 2025).

**B. Arguments set forth in the pleadings.**

**1.       Defendant's Arguments in Support of Dismissal With Prejudice.**

In support of his Motion, Defendant Rosal argues, "When a Motion to Dismiss is filed on the eve of trial, in certain cases, such a tactic has been used to gain an unfair advantage over the defendant by jury shopping or to lay the groundwork for a pattern of harassment where charges are repeatedly brought then dismissed before trial and a defendant is deprived of the opportunity for vindication by an acquittal." *Deft.'s Mot.* at 3 (citing *People v. Gutierrez*, 2005 Guam 19 ¶ 53-54). Rosal argues that the People took nearly two (2) months to serve the Defendant the Indictment, thus delaying Defendant's arraignment. *See Deft.'s Mot.* at 3. Defendant Rosal could have asserted his speedy trial rights on June 4, 2024, during his Arraignment, had the People served the Defendant. *See Id.* Further, the People knew and should have known that Ms. Valentine

would be unavailable for trial because she was serving her federal sentence at an off-island location. *See Id.* at 3-4. Rosal contends that the People knew that the Defendant was held on her federal case when they filed the Indictment on April 25, 2024, and "now the People want to dismiss this case to recharge Defendant in the future when Ms. Valentine is available to testify." *Id.* at 3. The People should have known about Ms. Valentine's unavailability because of her filed Judgment of Conviction in her federal matter on January 29, 2024, and they should have known that she left the island around mid-March 2024 to complete her sentence. *Id.*

## 2. The People's Argument Against Dismissal With Prejudice.

The People contend that dismissal without prejudice is justified under the circumstances. In response to the failure to serve Defendant timely, the People argue that, "the Superior Court of Guam is the entity charged with service of the Indictment to the Defendant." *Ppl.'s Sub.* at 2. The People argue that "there was no bad faith on the part of the People in dismissing the case four days before trial, given that the undersigned was assigned to the case only five days before trial." *Id.* at 3. The People moved this Court for dismissal on the basis that the only identifying witness, Shaylene Valentine, was unavailable for trial. "The People have the ability to bring back witnesses to trial, even incarcerated witnesses. However, because [Defendant] Rosal had asserted his right to speedy trial, and the case was transferred between judges, the People could not make arrangement to bring back Valentine within the five days remaining until trial." *Id.* at 3-4.

## DISCUSSION

Guam law provides the procedure upon which a prosecutor may move for case dismissal. 8 GCA § 80.70(a) reads as follows:

> (a) The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he

applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

8 GCA § 80.70(a).

Guam statute does not directly provide for dismissals with prejudice. The Guam Supreme Court, in examining a motion to dismiss under § 80.70(a), has stated that "the prosecutor is recognized as having a presumption of good faith in bringing the motion . . . and the motion should generally be granted as a matter of course." *People v. Gutierrez*, 2005 Guam 19 ¶¶ 51-52. However, this presumption is not absolute and "is rebutted upon a showing of a lack of good faith." *Id.* ¶ 53 (quoting *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). Even were the presumption overcome by a showing of bad faith, "section 80.70(a) does not authorize trial courts to *sua sponte* dismiss indictments with prejudice." *Id.* ¶ 69. "[T]he [only] options available to a court upon a finding of bad faith by the prosecution in bringing a Title 8 GCA § 80.70(a) motion are to either grant or deny the motion [to dismiss without prejudice]." *Id.* ¶¶ 74-75.

**A. The Court finds a good-faith basis for dismissal without prejudice.**

The Court's analysis of whether to grant dismissal with or without prejudice begins with the reasons for the dismissal as provided by 8 GCA § 80.70(a). § 80.70(a) permits prosecutors to move for dismissal but must provide reasoning to do so. On August 2, 2024, through written motion, the People moved this Court to dismiss this case based on witness unavailability since the witness's testimony was essential to prove the offenses beyond a reasonable doubt. *See Ppl.'s Mot. to Dism.* (Aug. 2, 2024). Pursuant to *Gutierrez*, the Court granted the dismissal "as a matter of course" based on a good-faith presumption. *Gutierrez*, ¶51-52.

Upon Defendant Rosal's motion to dismiss this matter with prejudice, the burden shifts to the Defendant to rebut that good-faith presumption. *Id.* ¶ 53. Defendant Rosal argues that dismissal with prejudice is warranted because the People knew and should have known of the

witness's unavailability. *See Deft.'s Mot.* at 3-4. In a finding of bad faith, courts must find that the dismissal "was not within the public interest." *Gutierrez,* ¶ 54. The Court finds that the Defendant has failed to meet this burden.

At the August 2, 2024, Pre-Trial Conference, the People moved this Court to dismiss based on witness unavailability – the Court finds that such a request is not outside the interests of the public. The People have the burden of proof to prove Defendant's guilt beyond a reasonable doubt, and the prosecution has discretion whether that burden can be met as prescribed in 8 GCA § 90.21(a).[3] It is within the public's interest for the People to move for dismissal if they cannot meet their burden to prove the elements of the alleged offenses beyond a reasonable doubt. Further, the witness's unavailability was beyond the People's control. *People v. Tedtaotao,* 2015 Guam 31 (Nov. 10, 2015)("The unavailability of a witness is a valid reason for a delay.").[4] Indeed, the Guam Supreme Court has already ruled that the delay of trial on the basis of the unavailability of a material witness is a valid reason to justify delay. The People could not make the appropriate arrangements to bring Ms. Valentine, a federal inmate serving her time in an off-island facility, by the date of trial. Therefore, the Court finds a good-faith basis for the People's motion to dismiss this matter *without* prejudice.

**B. The Court finds that the Defendant did not suffer prejudice resulting from these proceedings.**

---

[3] 8 GCA § 90.21(a). No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.

[4] *Id.* at fn. 6. "Case law suggests that a government witness need not be "essential." (citing *Barker,* 407 U.S. at 530, 92 S.Ct. 2182)("A valid reason, such as a missing witness, should serve to justify appropriate delay."). *United States v. Schreane,* 331 F.3d 548, 554 ("A 'valid reason' for a delay, such as an unavailable witness, weighs in favor of the government."); *People v. Mendiola,* 2015 Guam 26 ¶ 17 (holding that the "essential witness" inquiry is not a Sixth Amendment requirement); *Mendiola,* 1999 Guam 8 ¶ 25 ("Alternatively, a missing witness should serve as a valid reason, justifying the delay.")

"A long, unexplained pretrial delay may give rise to a presumption of prejudice and shift the burden to the government to justify the delay." *Tedtaotao,* 2015 Guam 31 ¶ 47 (quoting *Flores,* 2009 Guam 22 ¶ 49). A court considers three interests protected by the speedy trial right in evaluating whether the defendant was prejudiced: "(1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the defendant, and (3) limiting the possibility that the defense will be impaired." *Id.* (citing *Barker, supra,* 407 U.S. at 532, 92 S.Ct. 2182). Of these interests, the most serious is the impairment of the defense "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* (quoting *Barker,* 407 U.S. at 532, 92 S.Ct. 2182). Nonetheless, the impairment must be "serious enough to amount to a constitutional deprivation." Id. "[E]vidence of a lengthy pre-trial incarceration, standing alone, is insufficient to establish that a defendant's right to a speedy trial has been violated ... where the defendant neither asserts nor shows that the delay weighed particularly heavily on him...." *Naich,* 2013 Guam 7 ¶ 56 (quoting *Flores,* 2009 Guam 22 ¶ 50). Moreover, "[o]ppression, anxiety, and concern of a defendant incarcerated while awaiting trial are certainly present to some degree in every case." *Flores,* 2009 Guam 22 ¶ 50. In order to establish prejudice based on anxiety, rather than simply making an assertion, a defendant "must show that the alleged anxiety and concern had a specific impact on [his] health or personal or business affairs." *Id.* ¶ 51. People v. Tedtaotao, 2015 Guam 31 (Guam Nov. 10, 2015)

The Court finds that Rosal did not suffer any prejudice from the delay and the dismissal without prejudice. While serving his sentence in CF0203-20 and incarcerated at the Department of Corrections, the Defendant was served a copy of the Indictment on two separate occasions –

May 2, 2024, and June 6, 2024.[5] *See Aff. of Service* (May 2, 2024)(indicates that the Defendant was served the Indictment and Summons via email to COI B.C. Castro); *see also Aff. of Service* (June 6, 2024) (indicates that the Defendant was served the Indictment via email to COI B.C. Castro). Therefore, the Court finds that Defendant Rosal was sufficiently and timely served the Indictment as indicated by the appropriate Affidavits, and, thus, the Defendant was not prejudiced.

Further, the reassignment of this matter to this Court did not prejudice the Defendant. This matter was previously assigned to Judge Tolentino on June 4, 2024, and transferred to this Court on July 31, 2024. The speedy trial clock did not toll and continued to expire, notwithstanding the People's Statement of Objection on July 23, 2024, to Defendant's benefit. Upon this Court's assignment to this matter, trial dates were immediately scheduled in conformity with statutory authority, preserving Defendant's speedy trial rights. *See Amend. Crim. Trial Sched. Order [Asserted]* (Aug. 1, 2024). None of the other factors that would evidence prejudice, more importantly, impairment of his defense is present in this case, given that the People dismissed the case without requesting a continuance on the basis of Ms. Valentine's unavailability, which would have been supported under the current case authority. Moreover, although Defendant was already confined as an inmate in CF0203-20; thus, any pre-trial detention in this case resulted in no prejudice to him on this basis.

//

//

---

[5] It is noteworthy that, at the time Defendant Rosal was served on May 6, 2024, and June 6, 2024, he was incarcerated at the Department of Corrections after pleading guilty in CF0203-20 on February 1, 2024, before the Honorable Alberto A. Tolentino, and was sentenced to ten (10) years imprisonment, with credit for time served. *See Judgment of Conviction, CF0203-20* (May 21, 2024).

## CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss with Prejudice is **DENIED**. The Court shall issue its Dismissal Without Prejudice on separate cover in conformity with this Decision and Order.

**SO ORDERED** this 7th day of April, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, A PD

Date: 4/7/25 Time: 5:02 pm

Antonio J Cruz
Deputy Clerk, Superior Court of Guam